# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KENNETH  L. MCGOWAN,<br>       Appellant, | DOCKET NUMBER<br>DA-0432-13-0598-I-1 |
|       v. | |
| DEPARTMENT OF HOMELAND<br>   SECURITY,<br>       Agency. | DATE: November 20, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Phillip Davis Helslander, Esquire, Duncanville, Texas, for the appellant.

Laura J. Carroll, South Burlington, Vermont, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance and denied his affirmative defenses. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency placed the appellant, an Information Technology Specialist, on a 60-day performance improvement plan (PIP) effective September 17, 2012, based upon its determination that his performance was unacceptable in two of the five critical performance goals of his position. Initial Appeal File (IAF), Tab 14 at 24-29 (performance plan and appraisal), Tab 13 at 82-89 (notice of placement on PIP). After extending the PIP for an additional period of time, the agency issued the appellant notice that he had not improved his performance during the PIP on the two identified critical performance goals, IAF, Tab 13 at 70-75, and it proposed to remove him under chapter 43, *id*. at 4-7. The deciding official imposed the appellant's removal effective June 28, 2013. IAF, Tab 8 at 13-17.

¶3 The appellant filed an initial appeal challenging his removal and raising affirmative defenses of disparate treatment based upon his prior military service under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), equal employment opportunity (EEO) retaliation, disability discrimination, and harmful error. IAF, Tab 1. The administrative judge held a

hearing and issued an initial decision affirming the agency's removal action and denying each of the appellant's affirmative defenses. IAF, Tab 30, Initial Decision (ID). In his initial decision, the administrative judge found that the appellant's performance standards were valid, that they were properly communicated to the appellant, and that he was given a reasonable opportunity to improve his performance. ID at 4-20. Additionally, the administrative judge found that the agency established by substantial evidence that the appellant's performance at the end of his PIP remained unacceptable in at least one critical area, and he further rejected the appellant's argument that the agency breached the collective bargaining agreement when it established the critical elements of his position. ID at 18-24, 26-27. Lastly, the administrative judge found that the appellant failed to establish any of his affirmative defenses, noting, inter alia, that the appellant failed to identify similarly-situated comparator employees and that he otherwise failed to show that the legitimate reasons supporting the agency's removal action were pretexts for discrimination based on his prior military service, alleged disability, or EEO activity. ID at 25, 27-34.

¶4      The appellant has filed a petition for review arguing that the agency committed harmful error by breaching several provisions of the collective bargaining agreement. Petition for Review (PFR) File, Tab 1 at 2-8. On review, the appellant also argues that the agency issued an "inappropriate, premature PIP," that it wrongfully imposed new critical performance standards during his performance period prior to his placement on the PIP and that it failed to provide him a meaningful opportunity to improve prior to proposing his removal. *Id.* at 6, 9-10, 11. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

¶5      To prevail in an appeal of a performance-based removal under chapter 43, the agency must establish by substantial evidence that: (1) it communicated to the appellant the performance standards and critical elements of his position; (2) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (3) the

agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him an adequate opportunity to improve; and (4) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 (2013). Performance standards must, to the maximum extent feasible, permit the accurate appraisal of performance based on objective criteria. *Id.*, ¶ 21; 5 U.S.C. § 4302(b)(1). Standards must be reasonable, realistic, attainable, and clearly stated in writing. *Towne*, 120 M.S.P.R. 239, ¶ 21. Performance standards should be specific enough to provide an employee with a firm benchmark toward which to aim his performance, and they must be sufficiently precise so as to invoke a general consensus as to their meaning and content. *Id.* An agency may provide additional guidance on such performance standards through written and oral communication, *id.*, ¶ 23, and chapter 43 performance standards do not have to have numerical measurements, *Wilson v. Department of Health & Human Services*, 770 F.2d 1048, 1052 (Fed. Cir. 1985).

¶6        We have reviewed the appellant's petition for review, along with the administrative judge's thorough initial decision, and we find that the appellant has presented no basis on review to disturb the initial decision. We agree with the administrative judge that the agency established by substantial evidence that the appellant's performance remained unacceptable in one or more of his critical performance areas at the end of his PIP, *see* IAF, Tab 13 at 70-75 (PIP close out notice explaining, for example, that the appellant submitted incomplete documents with errors and inaccuracies and that he did not submit weekly written updates), and we disagree with the appellant's argument on review that the agency did not provide him a meaningful opportunity to improve during the PIP, *see* PFR File, Tab 1 at 9-10. The record demonstrates that the appellant's supervisor met with him in person and provided written and oral feedback during the PIP and that the agency also assigned the appellant a mentor during the PIP.

IAF, Tab 13 at 70. The Board has found similar offers of assistance during a PIP to be adequate in the course of sustaining a performance-based action under chapter 43. *See, e.g.*, *Towne*, 120 M.S.P.R. 239, ¶ 20 (valid offers of assistance include meeting with the appellant in person, as well as providing written and oral guidance).

¶7        We also have considered the appellant's argument that the agency committed harmful error by establishing the critical performance goals of his position during the middle of the yearly appraisal period and that it implemented an "inappropriate, premature PIP" after creating those new goals. PFR File, Tab 1 at 2, 6. We find that this argument does not support reversing the agency's performance-based action. The record reflects that the agency issued the appellant notice of the critical performance goals of his position on April 23, 2012, for the performance appraisal period covering October 1, 2011, through September 30, 2012, and that the appellant was given a 6-month period during which his performance was measured under these new standards. IAF, Tab 13 at 4-7 (notice of proposed removal outlining chronology of events). Based upon his inadequate performance on two of his critical performance goals during this 6-month period, the appellant was then placed on a PIP for over 90 days, at the end of which his performance remained unacceptable in the same two areas. *Id*. Citing these performance deficiencies, the agency proposed the appellant's removal under chapter 43. *Id*.

¶8        Our reviewing court has expressly affirmed the validity of such a practice under chapter 43, noting that "[t]he period of appraisal of an employee for an adverse action and the agency's appraisal period need not coincide." *Weirauch v. Department of the Army*, 782 F.2d 1560, 1563 (Fed. Cir. 1986). In *Weirauch*, the Federal Circuit further explained that "the evaluation of an individual employee may encompass part of two official agency appraisal periods and may involve more than one standard," provided that the appellant is provided notice of the standard prior to the appraisal period at issue, and that the appellant is also

provided an additional period to improve during a PIP prior to the agency proposing his removal. *Id.* Under these standards, we find no error with the agency issuing the appellant notice of the critical performance goals of his position in April 2012, giving him 6 months to perform under these new standards, and then placing him on a PIP for over 90 days prior to proposing his removal under chapter 43. *See id.*; *see also Boggess v. Department of the Air Force*, 31 M.S.P.R. 461, 466 (1986) (the agency cannot simultaneously issue the appellant new standards and place the appellant on a PIP based upon those new standards).

¶9 The appellant also argues on review that the administrative judge erred in rejecting his harmful error affirmative defense based on his dispute, with the agency, over whether he was covered by the agency's collective bargaining agreement. PFR File, Tab 1 at 6. We agree with the administrative judge, however, that the appellant has not established how this alleged error affected the appellant's removal under chapter 43. ID at 26-27; 5 C.F.R. § 1201.56(c)(3). The record reflects that a dispute arose during the drafting of the appellant's critical performance goals as to whether he was a member of the agency's bargaining unit and thus entitled to union representation during these meetings. ID at 26-27. Before this dispute was resolved, the agency created and implemented the appellant's April 2012 performance plan. IAF, Tab 14 at 19-29. The agency and the local chapter of the American Federation of Government Employees, however, subsequently entered into a memorandum of understanding in September 2012, just prior to the appellant's placement on the PIP, "regarding the changes to the performance goals of the [performance plan and appraisal] for the position of Information Technology Specialist," IAF, Tab 17 at 6; the record further demonstrates that the performance plan agreed to by the agency and the local union chapter in September 2012 is identical to the performance plan issued to the appellant in April 2012. *Compare* IAF, Tab 17 at 6-12 (September 2012 performance plan), *with* IAF, Tab 14 at 19-29 (April 2012 performance plan). We

therefore concur with the administrative judge that the appellant failed to establish a claim of harmful procedural error in connection with either the adoption of the appellant's critical performance elements or the dispute involving his status as a bargaining unit employee.  ID at 26-27.

¶10　　In addition, the appellant suggests on review that the deciding official considered information outside of the scope of the notice of proposed removal in rendering his decision to remove the appellant.  PFR File, Tab 1 at 12.  Although the appellant identifies this as a potential violation of Article 30 of the collective bargaining agreement,[2] *id*., such a claim, on its face, also raises a question of whether the deciding official committed a due process violation under *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011).  Under the *Ward*/*Stone* line of cases, a deciding official commits a due process violation when, without notice to the appellant, he considers new and material information in rendering his decision either to sustain the charges or to impose a certain penalty.  *See id*.; *see also Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1374-76 (Fed. Cir. 1999).

¶11　　We find that the deciding official committed neither a due process violation nor harmful error under the collective bargaining agreement.  After the agency issued the appellant the notice of proposed removal, the deciding official issued the appellant a second letter expressly informing him that he would consider certain documents in the course of reviewing his proposed removal and also provided the appellant with two sets of these documents and an additional opportunity to respond.  IAF, Tab 8 at 25-26.  Under these facts, we find that the

---

[2] Article 30 of the collective bargaining agreement concerns performance-based actions, and provides, in part, that, where an action is proposed under that Article, the employee or his representative will be provided, upon request, with copies of the documents on which the action is based.  IAF, Tab 19 at 86.  On review, the appellant contends that Article 30 "makes it clear that documents provided should be those considered in making the proposal, not others, such as documents provided to the Deciding Official to bolster or supplement those considered by the Proposer."  PFR File, Tab 1 at 12.

appellant was on notice of the scope of information the deciding official would consider in rendering his decision and that he therefore did not violate the appellant's right to due process. Additionally, the deciding official's letter of decision makes clear that the documents provided to the appellant were "*the* material on which the proposal letter was based," and that this information is therefore not new and material information outside of the scope of the notice of proposed removal under *Ward/Stone*. *Id*. at 13 (emphasis added); *see Kolenc v. Department of Health & Human Services*, 120 M.S.P.R. 101, ¶ 14 (2013) (new information is defined as that information beyond the scope of the notice of proposed removal). For these same reasons, we also find that the deciding official did not commit harmful error under Article 30 of the collective bargaining agreement when considering this information. Our review of these documents further confirms that they address the appellant's performance on the same critical performance elements during both his appraisal period and PIP and that they were therefore properly considered by the deciding official in reaching a decision. *See Addison v. Department of Health & Human Services*, 46 M.S.P.R. 261, 265 (1990) (an agency may consider employee performance on the same critical element both prior to and during a PIP provided it is within 1 year of the notice of proposed removal), *aff'd*, 945 F.2d 1134 (Fed. Cir. 1991).

¶12 Finally, although the appellant does not specifically address the substance of the administrative judge's decision to deny each of his affirmative defenses, the appellant asserts on review that he is not withdrawing "the USERRA and disability claims from consideration." PFR File, Tab 1 at 2. Pursuant to 5 C.F.R. § 1201.115, a party filing a petition for review must present specific objections to the initial decision and identify the evidence, statute, or regulation which demonstrates error. *Rasheed v. Department of the Air Force*, 7 M.S.P.R. 585, 587 (1981). Furthermore, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which

demonstrates the error. *Weaver v. Department of the Navy*, [2 M.S.P.R. 129](#), 133 (1980). Moreover, where a hearing has been held, and the agency's adverse action has been sustained, the Board's inquiry proceeds to the ultimate question of whether the appellant has met his overall burden of proving discrimination as to any of his affirmative defenses. *See, e.g.*, *Mahaffey v. Department of Agriculture*, [105 M.S.P.R. 347](#), ¶ 20 (2007).

¶13        Despite the appellant's failure to present specific objections to the administrative judge's rejection of each of his affirmative defenses, we have conducted a review of the administrative judge's findings and we agree that the appellant did not carry his ultimate burden as to any affirmative defense. The record reflects that the appellant presented no evidence of any comparator employee for the purposes of either his USERRA or his disability-based disparate treatment claims nor evidence that he had requested a reasonable accommodation prior to his removal. ID at 25-26, 31-32, 34. We further agree with the administrative judge that the agency's comprehensive explanation of the appellant's performance deficiencies establishes a legitimate, nonretaliatory reason for his removal, and we find that the appellant has presented no evidence that the agency's removal action was motivated by the appellant's prior EEO activity. ID at 30.

¶14        For the aforementioned reasons, the administrative judge's initial decision sustaining the appellant's removal from employment is AFFIRMED.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.